UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| REYMOND BARNETT, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 2:19-cv-00024-JRS-MJD |
| RICHARD DICK BROWN Warden, | ) ) ) |
| Respondent. | ) |

**Order Granting Motion to Dismiss
and Directing Entry of Final Judgment**

Petitioner Reymond Barnett commenced this prison disciplinary habeas corpus action on January 14, 2019. He challenged discipline imposed on November 9, 2018, in disciplinary case number IYC 17-03-0079. On April 10, 2019, the Respondent moved to dismiss this action as moot, showing that the disciplinary conviction and sanctions were vacated and the charge dismissed. Dkts. 13 & 13-1. Mr. Barnett has not responded to the motion to dismiss and the time for doing so has passed.

"A case becomes moot when it no longer presents a case or controversy under Article III, Section 2 of the Constitution." *Eichwedel v. Curry*, 700 F.3d 275, 278 (7th Cir. 2012). "In general a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* (citation and quotation marks omitted). A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254 only if it finds the applicant "is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Therefore, a habeas action becomes moot if the Court can no longer "affect the duration of [the petitioner's] custody." *White v. Ind. Parole Bd.*, 266 F.3d 759, 763 (7th Cir. 2001).

In this action, Mr. Barnett's conviction and sanctions have been vacated and thus can no longer affect the duration of his custody. Accordingly, this action is moot. *See id.* An action which is moot must be dismissed for lack of jurisdiction. *See Diaz v. Duckworth*, 143 F.3d 345, 347 (7th Cir. 1998).

The Respondent's motion to dismiss this action as moot, dkt. [13], is **granted**. This case is **dismissed** for lack of jurisdiction. Mr. Barnett's January 14, 2019, motion for habeas corpus, dkt. [3], is **denied** as moot. Final judgment consistent with this Order shall now enter.

**IT IS SO ORDERED**.

Date: 6/3/2019

*James R. Sweeney*
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Reymond Barnett
978588
Wabash Valley Correctional Facility – Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838

Patricia Caress McMath
Indiana Attorney General
patricia.mcmath@atg.in.gov

Josiah Swinney
Indiana Attorney General
josiah.swinney@atg.in.gov